IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARK ALLEN PENFOLD,                                    Civ. No. 6:20-cv-00341-AA
                                                       **OPINION AND ORDER**
                Plaintiff,

    vs.

KIMBERLY K. BUCHANAN; MARY F.
BUCHANAN; PERSONS OR PARTIES
UNKNOWN CLAIMING ANY RIGHT,
TITLE, OR INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
HEREIN,

                Defendants.

_____

AIKEN, District Judge:

      Plaintiff Mark Allen Penfold moves to remand this case pursuant to 28 U.S.C.

§ 1447 in response to defendants' Notice of Removal of Action brought under 28 U.S.C.

§ 1441(a).  Doc. 11.  For the reasons discussed below, plaintiff's motion to remand is

GRANTED.  Plaintiff's incidental request for attorney fees is DENIED.

/ / /

Page 1 – OPINION AND ORDER

## BACKGROUND

This action stems from an ejectment action filed by plaintiff in Lane County Circuit Court pursuant to Or. Rev. Stat. § 105.005, which provides a private cause of action for civil litigants to enforce real property rights.   The ejectment action was initiated pursuant to a judicial foreclosure on a piece of real property located at 85 W. 24th Place in Eugene, Oregon.   The foreclosure was initiated against defendants by the then-owner of the property, Bank of America, N.A., in Lane County Circuit Court (Case No. 161309737) on May 22, 2013.   The Circuit Court ruled against defendants and the Oregon Court of Appeals affirmed.   On March 5, 2019, the Lane County Sheriff conducted a foreclosure sale at which Bank of America re-purchased the property.   On December 5, 2019, plaintiff purchased the property from Bank of America and subsequently commenced this ejection action in Lane County Circuit Court (Case No. 20-CV-03041) to remove defendants from the property.

Defendants have since filed a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a), asserting federal question jurisdiction.[1]   Defendants argue that this case is not an ejectment action, but rather, "a federal matter for equitable vested reversion."  Not. of Removal at ¶ 16.   Defendants assert various claims against the former lienholders of the property in question, namely Stearns Lending and NationsBank, N.A. (now Bank of America, N.A.).   From what the Court can best discern, defendants appear to be challenging the legitimacy of the foreclosure

---

[1] There is no basis for the Court to exercise diversity jurisdiction in this matter.

judgment and subsequent sale of the property based on deceptive trade practices by the lienholders.

Plaintiff now seeks a remand pursuant to 28 U.S.C. § 1447, arguing that this Court lacks the federal question jurisdiction asserted by defendants.  Plaintiff has also requested this Court award attorney fees pursuant to 28 U.S.C. § 1447(c), which authorizes attorney fee awards where remand occurs for a lack of subject matter jurisdiction or a defect in removal procedure.  Defendants oppose both the motion for remand and the request for attorney fees.

## LEGAL STANDARD

District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  There are two avenues by which a case might arise under federal law. *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  First, and most commonly, a case can arise under federal law "when federal law creates the cause of action asserted." *Id*.  Second, and less frequently, a case may arise under federal law pursuant to the four-part test laid out in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308 (2005) ("*Grable* test").[2] *Id*. (*citing Grable*, 545 U.S. at 313-14).   .

A state-law claim presents a justiciable federal question only if it satisfies both the well-pleaded complaint rule and passes the four-part *Grable* test. *Cal. Shock*

---

[2] Under the *Grable* test, a case arises under federal law when a state-law claim contains a federal issue that is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance. *Grable*, 545 U.S. at 313-14.

*Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011). The well-pleaded complaint rule requires the federal issue to appear on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). The presence of a federal question in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by omitting claims based on federal law, avoid federal jurisdiction by exclusive reliance on state law. *Id.*

There is a strict presumption against removal, and the party seeking removal bears the burden of establishing that jurisdiction is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (internal citations omitted).

## DISCUSSION

Since the party seeking removal bears the burden of establishing that jurisdiction is proper, the Court will begin by assessing whether defendants' removal of this case was proper.

Defendants assert federal question jurisdiction under U.S. Const. art. 1, § 8, cl. 3, which broadly delegates Congress with the authority to regulate interstate commerce. In support, defendants describe a litany of allegedly unlawful business practices by Nationsbank, N.A., Bank of America, N.A., and Stearns Lending. But these parties are not the subject of the complaint, nor are they listed parties to the complaint. From what this Court can best gather, defendants seek to challenge the

validity of the underlying judicial foreclosure, which, as plaintiff notes, was affirmed by the Oregon Court of Appeals in 2016. Even if this Court were permitted to relitigate the underlying foreclosure,[3] under the well-pleaded complaint rule, defendants may not insert a federal question in a defensive argument in order to establish federal question jurisdiction. *See Caterpillar*, 482 U.S. at 398-99 (1987) (explaining that the federal issue must appear on the face of the complaint in order to constitute a federal question).

Defendants also appear to argue that federal question jurisdiction exists under U.S. Const. art. 1, § 8, cl. 8, which broadly authorizes Congress with the authority to regulate and oversee the ownership of intellectual property by authors and inventors. The complaint, however, is devoid of any references to intellectual property. Indeed, the dispute appears to center squarely upon a single piece of real property. Since defendants have failed to identify any valid federal question at issue, this Court cannot assert original jurisdiction over this case. The removal by defendants was therefore improper, and this case must be remanded to state court pursuant to 28 U.S.C. 1447(c).

Plaintiff further requests that this Court order defendant to pay its reasonable attorney fees associated with filing this motion to remand. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual

---

[3] Pursuant to the doctrine of *res judicata*, this Court cannot relitigate the underlying foreclosure proceeding. *See United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir. 1980) (explaining that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action).

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorney fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Ultimately, however, an award of attorney's fees under section 1447(c) is within the discretion of the district court, and bad faith need not be demonstrated. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

The Court cannot find that a reasonably objective basis existed for defendant to seek removal of this case. The Court, however, does not find that defendants, who are representing themselves as *pro se* litigants, acted in bad faith. The Court therefore exercises its discretion to deny an award of attorney fees.

## CONCLUSION

For the reasons mentioned above, plaintiff's Motion to Remand (Doc. 11) is hereby GRANTED. Plaintiff's request for attorney fees is DENIED. This action is dismissed and remanded to Lane County Circuit Court.

IT IS SO ORDERED.

Dated this 10th day of August, 2020.


_____/s/Ann Aiken_____

Ann Aiken
United States District Judge